Robert W. Fairchild Douglas County Counselor 808 Massachusetts Street P.O. Box B Lawrence, Kansas 66044-8996
Dear Mr. Fairchild:
You request our opinion regarding application of the mortgage registration fee statutes to the refinancing of a debt by a lender that has previously assigned the original mortgage securing the debt to a second lender. We presume that when you say the mortgage has been assigned that the instrument and the debt it secures have been transferred in toto.
K.S.A. 1992 Supp. 79-3102 provides in part:
 "(a) Before any mortgage of real property, or renewal or extension of such a mortgage, is received and filed for record, there shall be paid to the register of deeds of the county in which such property or any part thereof is situated a registration fee of $.26 for each $100 and major fraction thereof of the principal debt or obligation which is secured by such mortgage and upon which no prior registration fee has been paid,
. . . .
 "(d) No registration fee whatsoever shall be paid, collected or required for or on: . . . (3) any mortgage or other instrument upon that portion of the consideration stated in the mortgage tendered for filing which is verified by affidavit to be principal indebtedness covered or included in a previously recorded mortgage or other instrument with the same lender or their assigns upon which the registration fee herein provided for has been paid. . . ." (Emphasis added).
The answer to your question depends upon whether the new mortgage secures any part of the same principal indebtedness covered by the original mortgage. Had the original lender kept the debt and then refinanced it, mortgage registration fees would be owing only on any amount over that which was originally secured. Attorney General Opinions No. 90-127, 82-91, 81-229, 79-211. See Fourth National Bank v. Hill,181 Kan. 683, 695 (1957) (where a note is given merely in renewal of another and not in payment thereof, the renewal does not extinguish the original debt). Likewise, if the original mortgage and note had been assigned and the assignee were doing the refinancing, fees would be owing only on the difference. See Attorney General Opinion No. 79-211 (the 1985 amendment to K.S.A. 79-3102 bolsters the conclusion reached in that opinion. L. 1985, ch. 322, sec. 1); 55 Am.Jur.2d Mortgages sec. 1273 (1971). However, in the scenario you present the original mortgage and note have been assigned (but not assigned back to the original lender) and the original lender now wants to refinance a debt it no longer holds. Presumably the original lender will pay off the debt that was assigned, releasing that mortgage, with the proceeds of a new loan. In Opinion No. 78-64 Attorney General Schneider stated as follows:
 "The fact that the mortgagor conveys to another does not change the relationship of the lender to the debt, where the buyer assumes the mortgage. But when the mortgagor conveys to a buyer who elects to do business with another lender, then a situation arises where the new lender must either recognize the first mortgage as a priority debt, or the new lender must pay off the first mortgage. But in paying off the first mortgage, the second lender has created an entirely new debt or obligation, all of which is subject to a new tax, imposed upon a new taxpayer."
In our opinion, the original lender that assigns the mortgage is like the new lender described above if the original lender pays, settles or satisfies the debt held by the assignee in the process of the "refinancing."
 "It is a general rule that the question whether the taking of a new mortgage in place of a prior one amounts to an extinguishment thereof is one as to the intention of the parties, and if the facts and circumstances attending the transaction indicate that the subsequent mortgage was given and received as a full settlement and payment of the earlier mortgage, effect will be given to such intention." 55 Am.Jur.2d Mortgages sec. 1350 (1971). See also Potwin State Bank v. Ward, 183 Kan. 475, 482 (1958).
Thus, if in "refinancing" a debt that it has previously assigned, along with the mortgage, to another entity, the mortgagee settles or satisfies the assigned debt, mortgage registration fees would be due upon filing the new mortgage of record. However, it should be kept in mind that when determining whether an exemption applies, a register of deeds need not look beyond the four-corners of the instruments presented and may rely upon a sworn affidavit. If the affidavit proves to make a false statement, there may be a cause of action against its maker based on false writing or fraud.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm